UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:18-cr-00352-JAD-DJA-1 |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence under Amendment 821** |
| Jonalyn Quiliza-Santos, | [ECF No. 64] |
| Defendant | |

Defendant Jonalyn Quiliza-Santos is serving a ten-year sentence for distributing methamphetamine and being a felon in possession of a firearm. She moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. Her counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility, disagreeing with Quiliza-Santos's pro se calculations.[1] Because Quiliza-Santos does not qualify for a sentence adjustment under these changes, I deny her motion.

**Discussion**

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[2] In her pro se motion,[3] Quiliza-Santos argues that she is entitled to a sentence reduction under the change added to the guidelines as § 4A1.1, which reduces the impact of "status points" on a sentence.[4] Status points are additional criminal-history points applied to a

---

[1] ECF No. 67 (notice of non-eligibility).
[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).
[3] ECF No. 466 at 5–6.
[4] ECF No. 64.

defendant who committed her crime of conviction while under another criminal-justice sentence. Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[5] A defendant with seven or more criminal-history points may receive a one-point reduction in her status points, while a defendant with six or fewer criminal-history points may have her status points eliminated for committing her offenses while under a criminal-justice sentence.[6] A court may reduce a defendant's sentence based on this amendment if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7]

Quiliza-Santos contends that she is eligible for a sentence reduction based on this amendment.[8] She was sentenced with 14 criminal-history points, but as the government points out in its response, no extra status points were added because she did not commit her current offenses while under a criminal-justice sentence for her prior convictions.[9] It's impossible to reduce her status points under § 4A1.1 if she did not receive any. Her distribution-of-methamphetamine charge also carries a mandatory minimum sentence of ten years, so this court

---

[5] *Id.* at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[6] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[7] 18 U.S.C. § 3582(c)(2) (cleaned up).

[8] ECF No. 64.

[9] Presentencing Investigation Report at 15; ECF No. 67.

is statutorily prohibited from reducing her ten-year sentence any further.[10]  So because this amendment does not apply to Quiliza-Santos, I deny her motion with prejudice.

## Conclusion

IT IS THEREFORE ORDERED that Jonalyn Quiliza-Santos's motion for a sentence reduction under Amendment 821 **[ECF No. 64] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
April 12, 2024

---

[10] *See* U.S. Sent'g Guidelines Manual § 1B1.10 cmt. 1(A) (U.S. Sent'g Comm'n 2023) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [an] amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.").

3